Kathleen M. Walker (SBN 202185)
ThornCrest Law
1310 Rosecrans St., Suite B
San Diego, California 92106
619-871-1237
kathleen@thorn-crest.com

Attorneys for P&P Imports, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

P&P IMPORTS, LLC,

     Plaintiff,

  vs.

FESTIVAL TRADING, INC. and DOES 1-10,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  8:17-cv-1541

COMPLAINT FOR:

1) Federal Copyright Infringement (17 U.S.C. § 101 et seq.)
2) False Designation of Origin (15 U.S.C. § 1125)
3) Unfair Competition and False Advertising (15 U.S.C. § 1125)
4) Trade Dress Infringement (15 U.S.C. § 1125)
5) Common Law Copyright Infringement (Cal. Civ. Code § 980 et seq. and Cal. Common Law)
6) Deceptive Practices (Cal. Civ. Code § 1770)
7) False and Misleading Advertising (Cal. Bus. & Prof. Code § 17500)
8) Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.)
9) Unjust Enrichment

DEMAND FOR JURY TRIAL

Plaintiff P&P Imports, LLC ("P&P" or "Plaintiff") states for its Complaint against Defendants Festival Trading, Inc., dba Sports Festival, dba Festival Depot ("Festival Trading" or "Defendant") and Does 1 -10 ("Does") as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1138(a) because the suit arises under the copyright laws of the United States and supplemental jurisdiction of any and all California State causes of action under 28 U.S.C. § 1367.

2.    This action also arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq.  Accordingly, this Court has federal question jurisdiction over the subject matter pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a)(b).

3.    This Court has personal jurisdiction over all of the Defendants by virtue their transacting, doing, and soliciting business in this District, and because Defendants' corporate headquarters is in this District..

## THE PARTIES

4.    Plaintiff, P&P Imports, LLC is a California limited liability company, with its principal place of business at 3233 W. Castor Street, Santa Ana, California 92704.

5.    Upon information and belief, Defendant Festival Trading, Inc. is a California corporation with its principal place of business at 8333 Rochester Avenue, Suite 107, Rancho Cucamonga, California 91730.

6.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.  DOES 1-10 may be entities of Defendant Festival Trading or third-party sellers selling infringing Festival Trading products.  When the true names and capacities of DOES 1-10 has been ascertained, Plaintiff will amend this pleading accordingly.

7.     Plaintiff alleges, upon information and belief, that at all times mentioned herein, Defendant Festival Trading, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## GENERAL ALLEGATIONS

8.     Plaintiff P&P is a leading designer, importer and distributor of unique, creative, and proprietary outdoor games and sporting goods.  Among them are bean bag toss ("Cornhole") games, outdoor lawn games, sporting goods, high-end pool floats and a variety of other novelty products.  P&P has been in this business continuously since 2007.  Plaintiff extensively advertises and promotes its products, in a niche national market, including in such venues as Amazon.com, Walmart.com, eBay.com, and in other Internet and brick and mortar retailers. P&P is known for turning innovative ideas into products of high quality.  P&P was founded by two entrepreneurs with over 20 years of experience in bringing consumer products to market.  Plaintiff has manufacturing partners across Asia and its product lines are sold by quality retailers across the U.S.  Plaintiff is also a registered supplier for various leading trade associations in product categories that include Cornhole games, Ladder Toss games, flying discs, lighted sports cones, backyard games, inflatable pool floats, and other novelty products.

9.     P&P is a company started from very humble beginnings by two young entrepreneurs, Peter Engler and Peter Tanoury, who met during freshman year at the University of Colorado at Boulder.  Peter and Peter shared an entrepreneurial spirit and formed P&P and with their own capital following their graduation in 2007.  P&P started with a single product and has since grown rapidly while developing many innovative consumer products.  P&P is headquarters in Santa Ana, California and employees over 20 people in California.  P&P has been named one of the OC Business Journals fastest growing private companies three years in a row.

10.     P&P markets its products under three brands: GoSports, GoFloats and GoPong; all of which are trademarked in the United States Patent and Trademark Office.[1]

11.     P&P has copyrighted the majority of its products and images.  Specifically, on August 15, 2016 P&P was issued US Copyright Registration Number VA0002013842 entitled "P&P Imports 2016 Lookbook."

12.     Upon information and belief, Defendant Festival Trading became aware of P&P and its products in 2012, when P&P explored a potential contract with Zhejiang Phelps Lighting Technology Co., LTD, a Chinese factory, for the production of its LED Light Up Flying Ultimate Disc and Premium Ladder Toss Game.  At Zhejiang Phelps Lighting Technology Co., LTD, P&P's main contact was Yang Tao.  Upon information and belief, Mr. Tao is a shareholder of Defendant Festival Trading.   In 2014, P&P's founders visited Mr. Tao at Zhejiang Phelps Lighting Technology Co., LTD in China for a new product now marketed as GoSports LED Light Up Sports Cones.  Ultimately, P&P did not contract with Zhejiang Phelps Lighting Technology Co., LTD for the product.  In October 2015, the same month and year that Festival Trading, Inc. was incorporated in California, Mr. Tao and a colleague named Jianying 'Edgar' Ding  visited the P&P offices in Santa Ana for a tour of the operations, including viewing P&P's product sample room.

13.     Beginning in 2015, Defendant Festival Trading, under the names Sports Festival and Festival Depot, began to copy, manufacture and sell products that were identical to P&P's products, but for the branding.  Additionally, Defendant Festival Trading began advertising its knock-off products using virtually identical product names, product photos, product features, and product descriptions as P&P's products.

14.     Defendant purchased P&P's Ladder Toss product and resold it as its own product by literally sewing patches over P&P's branded products with a patch

---

[1] The trademark registration numbers are:  GOSPORTS (Reg. No. 4,802,471); GOPONG (Reg. No. 4,734,884); and GOFLOATS (Reg. No. 5,119,406).

1   identifying the brand as "Sports Festival."  In addition to adulterating the actual

2   product, Defendant also placed its branded stickers over Plaintiff's branded

3   packaging to lead consumers to believe that they were purchasing Defendant's

4   product, when in fact they were purchasing Plaintiff's product.

5   15.    In August 2017, Plaintiff purchased Defendant's "Plastic Ladder Ball Toss

6   Game Set with Carry Bag" from Amazon.com as order number 112-8744852-

7   8682615.  P&P inspected the product when it arrived.  It was branded as "Sports

8   Festival" on the carrying bag with a patch that was sewn over P&P's GoSports

9   branding.  Attached hereto as Exhibit 1 is a true and correct copy of the adulterated

10  product.  Similarly, the outer product packaging was branded as "Sports Festival"

11  with a sticker that was covering P&P's GoSports branding.  The product inside the

12  packaging is P&P's product and included P&P's Ladder Toss Game Rules virtually

13  verbatim, except that Defendant removed the GoSports branding and replaced it with

14  Sports Festival branding.

15  16.    Defendants' infringing products are sold on Amazon.com, Walmart.com,

16  festival-depot.com, ebay.com and other similar online marketplaces.  Many of the

17  sellers of infringing products are third party sellers to whom Defendant Festival

18  Trading has sold infringing products on a wholesale basis.

19  17.    Defendants' product images infringing P&P's US Copyright Registration

20  Number VA0002013842 include:

21         a.  Defendants have copied Plaintiff's GoSports Premium Ladder Toss

22             Game, the images of which are displayed on page 301 of Plaintiff's

23             registered copyright, in the advertising of Defendants' Plastic Ladder

24             Toss Game Set.  The two products are identical, except for the product

25             branding – even in the case of branding, Festival Trading has copied the

26             exact placement of the branding on the Ladder Toss set and its carrying

27             case.  Specifically, Festival Trading has copied Plaintiff's look, design,

28             pipe color, coupling color, canvas carrying bag, canvas color, logo color

and logo placement. Attached hereto as Exhibit 2 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image.

b. Defendants have copied Plaintiff's GoSports Portable PVC Framed Cornhole Game Set, the images of which are displayed on page 213 of Plaintiff's registered copyright.  The two products are identical, but for the branding – even in the case of branding, Festival Trading has copying the exact placement of the branding on the Cornhole set and its carrying case.  Specifically, Festival Trading has copied Plaintiff's look, design, pipe color, coupling color, canvas carrying bag, canvas color, logo color and logo placement. Attached hereto as Exhibit 3 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image.

c. Plaintiff's advertisement for the strength of its GoSports Premium Ladder Toss Game includes a copyrighted image that depicts the quality and size of the PVC pipe used in the product.  This is one of the products that Defendant Festival Trading had manufactured for P&P from 2012 - 2016.  The advertising image is entitled "PVC Pipe Comparison" and is displayed on page 302 of Plaintiff's registered copyright.  Festival Trading, under its Sports Festival brand, stole this image from P&P to use in their advertisements as their own comparison.  Attached hereto as Exhibit 4 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image.

d. Plaintiff's GoSports LED Light UP Sports Cones includes a copyrighted image of lighted sports cones.  The copyrighted images are displayed on page 253 of Plaintiff's registered copyright.  Festival Trading has cropped that copyrighted image and uses it on its Amazon listing as well as their own website - www.festival-depot.com website.  Attached

hereto as Exhibit 5 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image. Additionally, P&P has a pending patent on this product.  Defendants were told of the pending patent in 2015 when they visited P&P's facility. On July 20, 2017, the United States Trademark and Patent Office issued a Notice of Allowance of P&P's patent application number 14/994,002 entitled "Safety Cone with Controlled Illumination."  Accordingly, should the patent issue during the pendency of this action, Plaintiff will seek to file an amended complaint to add a patent infringement claim.

18.     Defendants' also violate P&P's common law copyright violations, including, but not limited to:

a.   Defendants copied P&P's Ladder Toss Game Rules verbatim, except that Defendant removed the GoSports branding and replaced it with Sports Festival branding.

b.   Defendants copied P&P's Aluminum Frame CornHole Set's product titles and product descriptions almost verbatim.  P&P's product title is "Go Sports CornHole Bean Bag Toss Game Set – Superior Aluminum"; Festival Trading's product title is: "Sports Festival CornHole Bean Bag Toss Game Set – Superior Aluminum Frame.  P&P's product description is:

The GoSports Tailgate CornHole game was designed to provide for a superior CornHole experience by maximizing durability, portability and game quality. The 3' x 2' boards are our most popular size and are perfect for all ages and abilities. How are the GoSports CornHole games different? Aluminum Frame Construction: Very sturdy, yet

lightweight – much better quality than steel, foam board or other mystery materials. Water Resistant MDF Board Surface: Provides the perfect amount of slide so you can pick your spots on the board without having the bags slide off. 8 All-Weather Duck Cloth Bags – these bags are the real deal - not the cheap sand filled bags other companies use that feel like bricks. Our set also includes a carrying case for easy portability/storage. Manufacturer's Note: We 100% stand behind our products, so if you have any quality issues, please contact us so we can fix the problem right away. Thank you for choosing GoSports.

Festival Trading's product description is:

The Sports Festival ® Tailgate CornHole Game Set : functionality, durability, portability and game quality
Most Popular CornHole Board size: 3' x 2' perfect for all ages and abilities
Very sturdy, lightweight (Aluminum Frame Construction)
With the Water Resistant MDF Board Surface (perfect amount of slide), you can pick your spots on the board without having the bags slide off
8 All-Weather Duck Cloth Bags: the real deal - not the cheap sand filled bags Carrying case for easy portability/storage
100% Satisfaction Guarantee
Thank you for choosing Sports Festival ®

c.  Defendants copied P&P's GoSports' Solid Wood Premium CornHole Set product features almost verbatim. P&P's product features include:

•      100% Wood Construction, ACA Regulation Size CornHole
•      Premium Craftsmanship with Mitered Corner Joints
•      Includes 8 Premium All Weather Bags (4 Red + 4 Blue) with Tote Bag
•      Weighs Just 40 pounds
•      GOSPORTS WARRANTY - At GoSports we 100% stand behind our products and guarantee that your set with

arrive free of defects and in perfect condition. If you have any issues, contact us and we will make things right.

Festival Trading's Sports Festival Regulation Size Wooden CornHole Set product features include:

The Sports Festival ® Tailgate CornHole Game Set : functionality, durability, portability and game quality
Most Popular CornHole Board size: 3' x 2' perfect for all ages and abilities
Very sturdy, lightweight (Aluminum Frame Construction) With the Water Resistant MDF Board Surface (perfect amount of slide), you can pick your spots on the board without having the bags slide off
8 All-Weather Duck Cloth Bags: the real deal - not the cheap sand filled bags Carrying case for easy portability/storage
100% Satisfaction Guarantee
Thank you for choosing Sports Festival ®

d. Defendants copied P&P's LED Flying Disc product titles and product descriptions almost verbatim.  P&P's product title is "GoSports LED Light Up Flying Ultimate Disc, 175 grams, with 4 LEDS (Blue, Red, White or Green)"; Festival Trading's product title is: "Sports Festival LED Light Up Flying Ultimate Disc, 175 grams, with 4 LEDs (Blue, Red, White or Green").  P&P's product description is:

The GoSports LED Disc is the brightest LED disc available. Other companies use just 1 LED, but we use 4. The 4 LEDs make sure you can see the disc during dusk hours unlike the other discs that don't start showing up until it is pitch black. Each disc includes 2 CR 2032 (3 volt) batteries that will power the disc for well over 12 hours of continuous use. The batteries are very easy to replace and can be bought cheaply on Amazon. The disc is standard size (10.5"),

> weighs 175 grams and flies like any normal disc. The disc can be used like any regular disc during the day and then just push the button to power on the LEDs and continue having fun into the night. The disc is water resistant, but we do not recommend prolonged exposure to water.

Festival Trading's product description is:

> Sports Festival ® LED Light Up Flying Ultimate Disc. 5 LEDs make sure you can see the disc during dusk hours unlike the other discs that don't start showing up until it is pitch black. Each disc includes 2 x CR2032 (replaceable) batteries that will power the disc for well over 12 hours of continuous use. The disc is Standard size (10.5"), weighs 175 grams and waterproofed.

19.     For their own profit and advantage, Defendants are misappropriating the non-transformed, copyrighted material in which Plaintiff has invested heavily. Defendants' product titles, product descriptions and product features rely on the copyrighted content of Plaintiff's product titles, product descriptions and product features. Defendants have promoted the infringing text to the public based on Defendant's routine practice of misappropriating and P&P's copyrighted text.

20.     By copying Plaintiff's product descriptions verbatim and using them to promote Defendants' products, Defendants are diverting sales that would otherwise go to P&P.

21.     Defendants' conduct has been willful violation, given their knowledge of P&P's products and access to P&P's facility which was made available to Festival Trading under the guise of a potential manufacturing contract.  Instead of agreeing to

a manufacturing contract, Festival Trading simply engaged in theft by stealing P&P's product ideas and advertising materials.

## FIRST CLAIM FOR RELIEF
## FEDERAL COPYRIGHT INFRIGEMENT
### (17 U.S.C. § 101 et seq.)

22.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 21, inclusive.

23.    Plaintiff is the exclusive owner of US Copyright Registration Number VA0002013842 entitled "P&P Imports 2016 Lookbook," which includes its branded products, product packaging, designs and advertising images.

24.    Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

25.    Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, and distributing virtually all of the Plaintiff's GoSports branded products contained within product packaging which is at a minimum substantially similar to Plaintiff's copyright.

26.    Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

27.    Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## TRADE DRESS INFRINGEMENT

**(15 U.S.C. § 1125)**

28.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 27, inclusive.

29.    P&P's GoSports trade dress is distinctive and is recognizable by consumers as identifying the source of its products.  The packaging color schemes are similar across the product lines and all products contain the registered GoSports trademark.

30.    P&P owns the GoSports trade dress including the brand's total image and overall appearance.  The GoSports trade dress includes the size, shape, color or color combinations, texture, and graphics.

31.    P&P's GoSports trade dress is nonfunctional as it includes its color combinations and distinctive trademark name.

32.    The Defendants uses the same trade dress as Plaintiff in that it has used the same color schemes on the identical products, places its Sports Festival logo in the exact same position as Plaintiff's GoSports trademark.  Defendants have done so intentionally and without the consent of the Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the Plaintiff's goods.

**THIRD CLAIM FOR RELIEF**

**FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS**

**(15 U.S.C. § 1125)**

33.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 32, inclusive.

34.    By advertising and offering for sale its Ladder Toss game and representing it as its own under its Sports Festive brand, Defendants have engaged in false designation origin and have made false descriptions and representations in connection with products sold in interstate commerce.  Defendants are literally re-labeling P&P's Ladder Toss product and selling it as their own.

35.    Defendants' false designation of origin and false descriptions and representations regarding their Ladder Toss game have caused and are likely to cause confusion, mistake or deception as to the (a) affiliation, connection, or association with P&P and (b) the origin, sponsorship or approval by P&P of Defendants' product.

36.    Defendants are in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.    As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues and other damages in an amount yet to be determined.

38.    Plaintiff is informed and believes, and on that basis alleges, that as a result of Defendants' false designation of the origin of their Ladder Toss game, Defendants have profited and will profit in the future from the sale of its pirated Sports Festival Ladder Toss game, thereby entitled Plaintiff to an award of Defendants' profits, damages to Plaintiff in an amount to be proved at trial, and the cost of this action pursuant to 15 U.S.C. § 1117(a).

39.    Defendants' violation of 15 U.S.C. § 1125(a) entitles Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116(a).

40.    Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.  Ascertainment of damages causes by Defendants' conduct would be difficult, leaving Plaintiff with an inadequate remedy at law.

# FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION AND FALSE ADVERTISING
### (15 U.S.C. § 1125)

41.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 40, inclusive.

42.     Defendants have used false advertising or misleading descriptions of fact or representations of fact in commercial advertising or promotion, and in connection with goods in commercial advertising or promotion.  The false descriptions or representations have misrepresented the source of its Ladder Toss game in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Defendants' acts and conduct, as alleged herein, are business practices likely to deceive or confuse the purchasing public as to the source, origin, sponsorship.  These acts constitute acts of unfair competition, false designation of origin, and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a).  Plaintiff is informed and believes, and upon that basis alleges, the each of the Defendants' respective acts of reputation appropriation and unfair competition was willful.

44.     Defendants' acts constitute unfair competition and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues and other damages in an amount yet to be determined.

46.     Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.  Ascertainment of damages caused by Defendants' conduct would be difficult, leaving Plaintiff was an inadequate remedy at law.

47.    By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF
## COMOMON LAW COPYRIGHT INFRINGEMENT
### (Cal. Civ. Code § 980 et seq. and Cal. Common Law)

48.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 47, inclusive.

49.    At all relevant times herein, Plaintiff has held and still holds the exclusive rights under California law and common law to reproduce, distribute, license the reproductions and distribution of the artwork, design, pictures, representations, model, videos and patterns protected by Plaintiff's Common Law Copyrights in any and all forms and mediums, throughout the United States.  The artwork, design, pictures, representations, model, videos and pattern are protected by Plaintiff's Common Law Copyrights are original works in tangible form which have been widely disseminated and published.

50.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff is reckless disregard of Plaintiff's rights.  Defendants' acts have irreparably harmed and continue to harm Plaintiff's exclusive proprietary rights and constitute common law copyright infringement and unfair competition. Defendants' outrageous conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them for similar conduct in the future.  Each infringing, transfer, duplication, sale, rental, distribution, display and other exploitation of the artwork, design, pictures, videos, representation, model and patterns protected by Plaintiff's Common

Law Copyrights constitutes a separate claim against Defendants under common law copyright and California Civil Code Section 980.

## SIXTH CLAIM FOR RELIEF
### DECEPTIVE PRACTICES
### (Cal. Civ. Code § 1770)

51.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 50, inclusive.

52.    Defendants passed off Plaintiff's GoSports Ladder Toss game as its own by sewing patches and stickering over Plaintiff's carry bag and product packaging to disguise Plaintiff's product as its own.  Through this action, Defendants misrepresented the source of the goods.

53.    Defendants actions constitute deceptive practices pursuant to California Civil Code Section 1770(a)(1)(2).

54.    As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues and other damages in an amount yet to be determined.

55.    Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.  Ascertainment of damages caused by Defendants' conduct would be difficult, leaving Plaintiff was an inadequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### FALSE AND MISLEADING ADVERTISING
### (Cal. Bus. & Prof. Code § 17500)

56.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 55, inclusive.

57.    Defendants have advertised its Ladder Toss game on Amazon.com for sale to the consuming public.

58.    Defendants statement that its Ladder Toss game is produced and marketed under the Sports Festival brand is false and misleading as the actual product being sold is Plaintiff's Ladder Toss game with Defendants' adulteration of the product and packaging branding.

59.    Defendants knew that the advertising of its Ladder Toss game was false and misleading, as Defendants were responsible for sewing patches over Plaintiff's GoSports branding and for placing stickers over Plaintiff's GoSports product packaging. Defendants' acts constitute false and misleading advertising in violation of section California Business & Professions Code § 17500.

60.    As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues and other damages in an amount yet to be determined.

61.    Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.  Ascertainment of damages caused by Defendants' conduct would be difficult, leaving Plaintiff was an inadequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200 et seq.)

62.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 61, inclusive.

63.    Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices.  Defendants' actions thus constitute "unfair competition" pursuant to California Business and Professions Code Section 17200.

64.    As a proximate result of Defendants' actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its copyright.  Plaintiff therefore

has standing to assert this claim pursuant to California Business and Professions Code Section 17204.

65.    Defendants' actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to California Business and Professions Code Section 17203.  In addition, Plaintiff requests that the Court order that Defendants disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order that Defendants pay restitution to Plaintiff in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**

**(UNJUST ENRICHMENT)**

66.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 65, inclusive.

67.    By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

68.    Defendants' retention of monies gained through its deceptive business practices, infringement, acts of copying Plaintiff's advertising, images and video, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendant Festival Trading and Does 1-10, inclusive, and each of them as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501(a);

2. For an award of Defendants' profits and Plaintiff's damages in amount to be proven at trial for false designation of origin under 15 U.S.C. § 1125.

3. For an award of Defendants' profits and Plaintiff's damages and the costs of this action pursuant to 15 U.S.C. § 1117;

4. For restitution in an amount to be proven at trial for unfair and illegal business practices under Business & Professions Code §§ 17200 and 17500;

5. For an order from the Court requiring that Defendants provide complete accounts and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should be been paid if Defendants' complied with their legal obligations, or as equity requires;

6. For damages in an amount to be proven at trial for unjust enrichment;

7. For an award of exemplary or punitive damages in an amount to be determined by the Court;

8. For Plaintiff's reasonable attorney's fees;

9. For all costs of suit;

10. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff P&P Imports, LLC, respectfully demands a trial by jury in this action.

DATED: September 7, 2017                    THORNCREST LAW


                                           /Kathleen M. Walker/
                                           _____
                                           Kathleen M. Walker
                                           Attorneys for Plaintiff



# EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3




# EXHIBIT 4



**P&P Imports, LLC Photo**          **Festival Trading Photo**

# EXHIBIT 5