Kathleen M. Walker (SBN 202185)
ThornCrest Law
1310 Rosecrans St., Suite C
San Diego, California 92106
619-871-1237
kathleen@thorn-crest.com

Andrew D. Stolper (SBN 205462)
Jesse K. Bolling (SBN 286267)
Franks, Sims and Stolper, LLP
19800 MacArthur Blvd. Suite 855
Irvine, California 92612
949-201-2400
jbolling@lawfss.com

Attorneys for P&P Imports, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| P&P IMPORTS, LLC,<br><br>               Plaintiff,<br><br>   vs.<br><br>FESTIVAL TRADING, INC. and DOES 1-10,<br><br>               Defendants. | Case No.: 8:17-CV-1541<br><br>THIRD AMENDED COMPLAINT FOR:<br>  1) Patent Infringement (35 U.S.C. § 271)<br>  2) Federal Copyright Infringement (17 U.S.C. §§ 101 et seq.)<br>  3) Trade Dress Infringement (15 U.S.C. § 1125)<br>  4) Unfair Competition and False Advertising (15 U.S.C. § 1125)<br>  5) False and Misleading Advertising (Cal. Bus. & Prof. Code § 17500)<br>  6) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 et seq.)<br><br>DEMAND FOR JURY TRIAL |

- 1 -
THIRD AMENDED COMPLAINT

1         Plaintiff P&P Imports, LLC ("P&P" or "Plaintiff") states for its Third
2   Amended Complaint against Defendants Festival Trading, Inc., dba Sports Festival,
3   dba Festival Depot ("Festival Trading" or "Defendant") and Does 1 -10 ("Does") as
4   follows:

5   <div align="center">**JURISDICTION AND VENUE**</div>

6   1.      The claims arise of the United States patent laws, 35 U.S.C. §§ 1, et seq. and
7   the United States copyright laws, 17 U.S.C. §§ 1 *et seq.*,

8   2.      This Court has jurisdiction over the subject matter of this action pursuant to 28
9   U.S.C. §§ 1331 and 1138(a) and supplemental jurisdiction of any and all California
10  State causes of action under 28 U.S.C. § 1367.

11  3.      This Court has personal jurisdiction over all of the Defendants by virtue their
12  transacting, doing, soliciting business and infringing P&P's intellectual property in
13  this District, and because Defendants' corporate headquarters is in this District.
14  Venue is proper in this District and Division, under 28 U.S.C. §§ 1391 and 1400.

15  <div align="center">**THE PARTIES**</div>

16  4.      Plaintiff, P&P Imports, LLC is a California limited liability company, with its
17  principal place of business at 3233 W. Castor Street, Santa Ana, California 92704.

18  5.      Upon information and belief, Defendant Festival Trading, Inc. is a California
19  corporation with its principal place of business at 8333 Rochester Avenue, Suite 107,
20  Rancho Cucamonga, California 91730.

21  6.      The true names and capacities, whether individual, corporate, associate or
22  otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to
23  Plaintiff.  DOES 1-10 may be entities of Defendant Festival Trading or third-party
24  sellers selling infringing Festival Trading products.  When the true names and
25  capacities of DOES 1-10 has been ascertained, Plaintiff will amend this pleading
26  accordingly.

27  7.      Plaintiff alleges, upon information and belief, that at all times mentioned
28  herein, Defendant Festival Trading, and Does 1-10, inclusive, and each of them, were

<div align="center">THIRD AMENDED COMPLAINT</div>

1  the agents, servants and employees of every other Defendant and the acts of each

2  Defendant, as alleged herein, were performed within the course and scope of that

3  agency, service or employment.

4  **GENERAL ALLEGATIONS**

5  8.    Plaintiff P&P is a leading designer, importer and distributor of unique, creative,

6  and proprietary outdoor games and sporting goods.  Among them are bean bag toss

7  ("Cornhole") games, outdoor lawn games, sporting goods, high-end pool floats and a

8  variety of other novelty products.  P&P has been in this business continuously since

9  2007.  Plaintiff extensively advertises and promotes its products, in a niche national

10 market, including in such venues as Amazon.com, Walmart.com, eBay.com, and in

11 other Internet and brick and mortar retailers. P&P is known for turning innovative

12 ideas into products of high quality.  P&P was founded by two entrepreneurs with over

13 20 years of experience in bringing consumer products to market.  Plaintiff has

14 manufacturing partners across Asia and its product lines are sold by quality retailers

15 across the U.S.  Plaintiff is also a registered supplier for various leading trade

16 associations in product categories that include Cornhole games, Ladder Toss games,

17 flying discs, lighted sports cones, backyard games, inflatable pool floats, and other

18 novelty products.

19 9.    P&P is a company started from very humble beginnings by two young

20 entrepreneurs, Peter Engler and Peter Tanoury, who met during freshman year at the

21 University of Colorado at Boulder.  Peter and Peter shared an entrepreneurial spirit

22 and formed P&P and with their own capital following their graduation in 2007.  P&P

23 started with a single product and has since grown rapidly while developing many

24 innovative consumer products.  P&P is headquarters in Santa Ana, California and

25 employees over 16 people in California.  P&P has been named one of the OC

26 Business Journals fastest growing private companies three years in a row.

27

28

THIRD AMENDED COMPLAINT

10. P&P markets its products under three brands: GoSports, GoFloats and GoPong; all of which are trademarked in the United States Patent and Trademark Office.[1] P&P has also trademarked its brands in China.[2]

11. P&P has copyrighted the majority of its products and images. Specifically, on August 15, 2016 P&P was issued US Copyright Registration Number VA0002013842 entitled "P&P Imports 2016 Lookbook." Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's copyright certificate.

12. On September 7, 2017, when Plaintiff filed the original complaint in this action, Plaintiff stated that had received a Notice of Allowance from the United States Patent Office on its patent application entitled "SAFETY CONE WITH CONTROLLED ILLUMINATION." Plaintiff alleged that Defendant Sports Festival's "LED Traffic Safety Cone With Three Light Functions" product practiced the art contained in the claims of the patent application. Plaintiff further stated in the original complaint that it would "seek to file an amended complaint to add a patent infringement claim if the patent issued during the pendency of this action." *See* Compl. at ¶ 17(d).

13. On September 26, 2017, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,771,694 entitled "SAFETY CONE WITH CONTROLLED ILLUMINATION" (the "'694 Patent"). A true and correct copy of the '694 Patent is attached hereto as Exhibit 2. On September 26, 2017, the '694 Patent was assigned by the original inventors to Plaintiff P&P. Since that time, the '694 Patent has been in full force and effect and Plaintiff owns all right, title and interest in the '694 Patent, including the right to sue for past, present and future infringements.

---

[1] The trademark registration numbers are: GOSPORTS (Reg. No. 4,802,471); GOPONG (Reg. No. 4,734,884); and GOFLOATS (Reg. No. 5,119,406).
[2] The Chinese trademark registration numbers are: GOSPORTS (Reg. No. 20329017); GOPONG (Reg. No. 20328889); and GOFLOATS (Reg. No. 20328745).

14.     On October 17, 2017, Plaintiff's counsel provided Defendant Sport Festival's counsel with a copy of the '694 Patent.  On January 2, 2018, Plaintiff filed the Second Amended Complaint, adding, for the first time, a claim for relief for patent infringement.

15.     P&P began marketing a product known as GoSports LED Light UP Sports Cones based on the art practiced in the '694 patent in or about February 2016, after it filed its patent application.  The product packaging included "patent pending" to reflect its patent application entitled "SAFETY CONE WITH CONTROLLED ILLUMINATION."

16.     Upon information and belief, Defendant Festival Trading became aware of P&P and its products in 2012 when P&P explored a potential contract with Zhejiang Phelps Lighting Technology Co., LTD, a Chinese factory, for the production of its LED Light Up Flying Ultimate Disc and Premium Ladder Toss Game.  At Zhejiang Phelps Lighting Technology Co., LTD, P&P's main contact was Yang Tao.  Upon information and belief, Mr. Tao is a shareholder of Defendant Festival Trading.   In 2014, P&P's founders visited Mr. Tao at Zhejiang Phelps Lighting Technology Co., LTD in China to discuss products that the factory was manufacturing for P&P and to discuss a preliminary idea for a new product, now marketed as GoSports LED Light Up Sports Cones.  Ultimately, P&P did not contract with Zhejiang Phelps Lighting Technology Co., LTD for the new product.

17.     In October 2015, the same month and year that Festival Trading, Inc. was incorporated in California, Mr. Tao and a colleague named Jianying 'Edgar' Ding visited the P&P offices in Southern California for a tour of the operations, including viewing P&P's product sample room.  P&P believed that Mr. Tao and Mr. Ding were visiting its showroom in their capacity as manufacturers and did not know that Mr. Tao and Mr. Ding had plans to sell products identical to P&P's products.  P&P believed that its discussions and preview of products in P&P's showroom were confidential.  P&P would not have allowed the visitors to view its product room had

1  it know that they had just formed Festival Trading, Inc. and that Festival Trading

2  would knock-off Plaintiff's products and directly compete with Plaintiff in the U.S.

3  marketplace.

4  18.      On information and belief, beginning as early as October 2015, Defendant

5  Festival Trading, under the names Sports Festival and Festival Depot, began to copy,

6  manufacture and sell products that were identical to P&P's products, but for the

7  branding.  Later, in addition to reproducing Plaintiff's product portfolio, Defendant

8  Festival Trading began advertising its knock-off products using virtually identical

9  product names, trade dress, product images, product features, and product

10  descriptions as P&P's products.

11  19.      In August 2017, Plaintiff purchased Defendant's "Plastic Ladder Ball Toss

12  Game Set with Carry Bag" from Amazon.com as order number 112-8744852-

13  8682615.  P&P inspected the product when it arrived.  It was branded as "Sports

14  Festival" on the carrying bag.  Underneath the Sports Festival tag, sewn on the carry

15  bag, was P&P's GoSports branding.   Somehow, Defendant Sports Festival acquired

16  P&P's products and simply sewed its own branding over P&P's branding.  Attached

17  hereto as Exhibit 3 is a true and correct copy of the adulterated product.  Similarly,

18  the outer product packaging was branded as "Sports Festival" with a sticker covering

19  over P&P's GoSports branding.  The product inside the packaging is P&P's product

20  and included P&P's Ladder Toss Game Rules virtually verbatim, except that

21  Defendant removed the GoSports branding and replaced it with Sports Festival

22  branding.

23  20.      Defendants' infringing products are sold on Amazon.com, Walmart.com,

24  festival-depot.com, ebay.com and other similar online marketplaces.  Many of the

25  sellers of infringing products are third party sellers to whom Defendant Festival

26  Trading has sold infringing products on a wholesale basis.

27

28

21.     Many of the product images that Defendants use to advertise their products are P&P's copyrighted images, registered as US Copyright Registration Number VA0002013842.  Specifically,

    a.  Defendants copied Plaintiff's GoSports Premium Ladder Toss Game, the images of which are displayed on page 301 of Plaintiff's registered copyright, in the advertising of Defendants' Plastic Ladder Toss Game Set.  The two products are identical, except for the product branding – even in the case of branding, Festival Trading copied the exact placement of the branding on the Ladder Toss set and its carrying case. Specifically, Festival Trading copied Plaintiff's look, design, pipe color, coupling color, canvas carrying bag, canvas color, logo color and logo placement. Attached hereto as Exhibit 4 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image.

    b.  Defendants copied Plaintiff's GoSports Portable PVC Framed Cornhole Game Set, the images of which are displayed on page 213 of Plaintiff's registered copyright.  The two products are identical, but for the branding – even in the case of branding, Festival Trading copied the exact placement of the branding on the Cornhole set and its carrying case.  Specifically, Festival Trading copied Plaintiff's look, design, pipe color, coupling color, canvas carrying bag, canvas color, logo color and logo placement. Attached hereto as Exhibit 5 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image.

    c.  Plaintiff's advertisement for the strength of its GoSports Premium Ladder Toss Game includes a copyrighted image that depicts the quality and size of the PVC pipe used in the product.  This is one of the products that Defendant Festival Trading had manufactured for P&P from 2012 - 2016.  The advertising image is entitled "PVC Pipe Comparison" and is

displayed on page 302 of Plaintiff's registered copyright.  Festival Trading, under its Sports Festival brand, stole this image from P&P to use in their advertisements as their own comparison.  Attached hereto as Exhibit 6 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image.

d.  Plaintiff's GoSports LED Light UP Sports Cones includes a copyrighted image of lighted sports cones.  The copyrighted images are displayed on page 253 of Plaintiff's registered copyright.  Festival Trading cropped that copyrighted image and uses it on its Amazon listing as well as their own website - www.festival-depot.com website.  Attached hereto as Exhibit 7 is a true and correct comparison of Plaintiff's copyrighted image and Festival Trading's infringing image.

22.    Defendants also copied Plaintiff's product descriptions for its knock-off products.  The plagiarized product descriptions include, but not are limited to:

a.  Defendants copied P&P's Ladder Toss Game Rules verbatim, except that Defendant removed the GoSports branding and replaced it with Sports Festival branding.

b.  Defendants copied P&P's Aluminum Frame CornHole Set's product titles and product descriptions almost verbatim.  P&P's product title is "Go Sports CornHole Bean Bag Toss Game Set – Superior Aluminum"; Festival Trading's product title is: "Sports Festival CornHole Bean Bag Toss Game Set – Superior Aluminum Frame.  P&P's product description is:

The GoSports Tailgate CornHole game was designed to provide for a superior CornHole experience by maximizing

- 8 -

durability, portability and game quality. The 3' x 2' boards are our most popular size and are perfect for all ages and abilities. How are the GoSports CornHole games different? Aluminum Frame Construction: Very sturdy, yet lightweight – much better quality than steel, foam board or other mystery materials. Water Resistant MDF Board Surface: Provides the perfect amount of slide so you can pick your spots on the board without having the bags slide off. 8 All-Weather Duck Cloth Bags – these bags are the real deal - not the cheap sand filled bags other companies use that feel like bricks. Our set also includes a carrying case for easy portability/storage. Manufacturer's Note: We 100% stand behind our products, so if you have any quality issues, please contact us so we can fix the problem right away. Thank you for choosing GoSports.

Festival Trading's product description is:

The Sports Festival ® Tailgate CornHole Game Set : functionality, durability, portability and game quality
Most Popular CornHole Board size: 3' x 2' perfect for all ages and abilities
Very sturdy, lightweight (Aluminum Frame Construction)
With the Water Resistant MDF Board Surface (perfect amount of slide), you can pick your spots on the board without having the bags slide off
8 All-Weather Duck Cloth Bags: the real deal - not the cheap sand filled bags Carrying case for easy portability/storage
100% Satisfaction Guarantee
Thank you for choosing Sports Festival ®

c.   Defendants plagiarized P&P's LED Flying Disc product titles and product descriptions almost verbatim.  P&P's product title is "GoSports LED Light Up Flying Ultimate Disc, 175 grams, with 4 LEDS (Blue, Red, White or Green)"; Festival Trading's product title is: "Sports

Festival LED Light Up Flying Ultimate Disc, 175 grams, with 4 LEDs (Blue, Red, White or Green").  P&P's product description is:

> The GoSports LED Disc is the brightest LED disc available. Other companies use just 1 LED, but we use 4. The 4 LEDs make sure you can see the disc during dusk hours unlike the other discs that don't start showing up until it is pitch black. Each disc includes 2 CR 2032 (3 volt) batteries that will power the disc for well over 12 hours of continuous use. The batteries are very easy to replace and can be bought cheaply on Amazon. The disc is standard size (10.5"), weighs 175 grams and flies like any normal disc. The disc can be used like any regular disc during the day and then just push the button to power on the LEDs and continue having fun into the night. The disc is water resistant, but we do not recommend prolonged exposure to water.

Festival Trading's product description is:

> Sports Festival ® LED Light Up Flying Ultimate Disc. 5 LEDs make sure you can see the disc during dusk hours unlike the other discs that don't start showing up until it is pitch black. Each disc includes 2 x CR2032 (replaceable) batteries that will power the disc for well over 12 hours of continuous use. The disc is Standard size (10.5"), weighs 175 grams and waterproofed.

23.    For their own profit and advantage, Defendants are misappropriating the non-transformed, copyrighted material in which Plaintiff has invested heavily. Defendants' product titles, product descriptions and product features rely on the of Plaintiff's product titles, product descriptions and product features. Defendants have promoted the infringing text to the public based on Defendant's routine practice of misappropriating and P&P's product description text.

24.     By copying Plaintiff's product descriptions verbatim and using them to promote Defendants' products, Defendants are diverting sales that would otherwise go to P&P.

25.     Throughout the history of their pattern of copying of Plaintiff's products, Defendants have made no effort to differentiate their products in the marketplace from Plaintiff's products, but instead have demonstrated their intent to confuse customers and potential customers and others in the marketplace into thinking that Defendants' copies of Plaintiff's products and designs, which are in fact lower quality items, are identical to Plaintiff's higher quality products and designs.

26.     Plaintiff is the originator and current owner of the GoSports Portable PVC Framed Cornhole Game Set trade dress used since at least July 2015 by Plaintiff as the unique and creative design for its cornhole game.

27.     The GoSports Portable PVC Framed Cornhole Game Set trade dress is comprised of primary color combinations (red, white and blue) and stylistic features that are arbitrary, nonfunctional, and distinctive, and have acquired distinctiveness as Plaintiff's cornhole game.  Plaintiff's trade dress attributes are displayed in the photo, attached hereto as Exhibit 5.  Exhibit 5 also depicts Defendant's cornhole game, which is identical to Plaintiff's cornhole game.

28.     The GoSports Portable PVC Framed Cornhole Game Set trade dress has been extensively and continuously used by Plaintiff since at least 2015, is inherently

distinctive, and/or has become distinctive through the acquisition of "secondary meaning."

29.     Sales, advertising and promotion of the GoSports Portable PVC Framed Cornhole Game Set since inception have been substantial in Plaintiff's niche marketplace.

30.     Plaintiff is also the originator and current owner of the GoSports Premium Ladder Toss Game trade dress used since at least September 2012 by Plaintiff as the unique and creative design for its toss game.

31.     The GoSports Premium Ladder Toss Game trade dress is comprised of primary color combinations (red, white, blue and yellow) and stylistic features that are arbitrary, nonfunctional, and distinctive, and have acquired distinctiveness for Plaintiff's toss game. Plaintiff's trade dress attributes are displayed in the photo, attached hereto as Exhibit 4.  Exhibit 4 also depicts Defendant's ladder toss game, which is identical to Plaintiff's ladder toss game.  The GoSports Premium Ladder Toss Game trade dress has been extensively and continuously used by Plaintiff since at least 2012, is inherently distinctive, and/or has become distinctive through the acquisition of "secondary meaning."

32.     The GoSports Premium Ladder Toss Game trade dress symbolizes business goodwill of Plaintiff and is an intangible asset of substantial commercial value.

33.     Sales, advertising and promotion of the GoSports Premium Ladder Toss Game since inception have been substantial in Plaintiff's niche marketplace.

THIRD AMENDED COMPLAINT

34.   As a result of such continuous use and extensive sales, advertising and promotion of the trade dress of Plaintiff's GoSports Premium Ladder Toss Game and GoSports Portable PVC Frame Cornhole Game Set by Plaintiff and its authorized dealers, licensees, and distributors, the mark, trade dress, and products associated with them enjoy recognition and notoriety in the United States in Plaintiff's niche market place and are recognized by the consuming public as emanating from Plaintiff.

35.   Defendants conduct has been willful, given their knowledge of P&P's products and access to P&P's facility which was made available to Festival Trading under the guise of a potential manufacturing contract.  Instead of agreeing to a manufacturing contract, Festival Trading simply engaged in theft by stealing P&P's product ideas, trade dress and advertising materials.

36.   On or about September 26, 2016, P&P purchased Defendant Festival Trading's "LED Traffic Safety Cone With Three Light Functions" as Amazon order number 116-6256749-3841829.  Upon receipt of the order, P&P compared Defendant Festival Trading's product with the claims of its pending patent application and concluded that Defendant's product read on many of those claims.  On information and belief, Defendant Festival Trading has not altered its "LED Traffic Safety Cone With Three Light Functions" since P&P purchased Defendants' product in September 2016.

### 37.   FIRST CLAIM FOR RELIEF

### FEDERAL PATENT INFRINGEMENT

**(35 U.S.C. § 271)**

38.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 37, inclusive.

39.     Since the issuance of the '694 Patent on September 26, 2018, Defendants have infringed and are continuing to infringe the '694 Patent by engaging in acts including making, using, selling, or offering for sale within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '694 Patent, including Defendant's "LED Traffic Safety Cone With Three Light Functions." *See* Exhibit 7.

40.     Defendant Festival Trading infringes at least Claim 1 of the '694 patent, and related dependent Claims 2 through 7; Claim 12 of the in '694 patent, and related dependent Claims 13 through 15; and Claim 16 of the in '694 patent, and related dependent Claims 17 through 19 in that its "LED Traffic Safety Cone With Three Light Functions" product is a safety cone with controlled LED illumination device housing that is integrated into the top of the cone that houses an illuminated device resting on a support ring that is accessed by a housing cap.  The cone includes an LED module, an LED actuator, a battery, and a battery housing.  The cone is covered in a protective transparent shell that increases the illumination intensity at the top of the cone and protects the cone from physical damage.  Defendant's "LED Traffic Safety Cone With Three Light Functions" practices the art of '694 Patent claims.

41.     Furthermore, Defendant Festival Trading has induced infringement of the '694 Patent and/or have committed acts of contributory infringement of the '694 Patent by selling its product to wholesalers and the general public.   Specifically, Defendant Festival Trading sold its "LED Traffic Safety Cone With Three Light Functions" product which practices multiple claims of the '694 Patent.  The art practiced in Defendant's "LED Traffic Safety Cone With Three Light Functions" product constitutes virtually all of the invention embodied in the '694 Patent.  Defendant knew, as of at least October 17, 2018, that its product infringed multiple claims of the

'694 Patent.   Defendants' "LED Traffic Safety Cone With Three Light Functions" product is for sporting purposes and is not a staple article or commodity of commerce suitable for a substantial noninfringing use.

42.     Defendants' activities have been without express or implied license from Plaintiff.  Defendant Festival Trading's patent infringement has been willful in that principals of Festival Trading were made aware in late 2015 that Plaintiff was going to file a patent that would protect its GoSports LED Light UP Sports Cones product. P&P's GoSports LED Light UP Sports Cones product packaging carried a "patent pending" label.   Finally, Defendant Festival Trading received a copy of the issued '694 from P&P's counsel October 17, 2017.  Despite the "patent pending" language on P&P's product and a copy of the issued patent on October 17, 2017, Defendant Festival Trading continues to sell its infringing "LED Traffic Safety Cone With Three Light Functions" product.

43.     The Defendants will continue to infringe the '694 Patent unless enjoined by this Court.  As a result of Defendants' infringing conduct, P&P has suffered, and will continue to suffer, irreparable harm for which this is no adequate remedy at law. P&P is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

44.     As a result of the infringement of the '694 Patent, P&P has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.


## SECOND CLAIM FOR RELIEF
## FEDERAL COPYRIGHT INFRIGEMENT
### (17 U.S.C. §§ 101 et seq.)

45.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 44, inclusive.

46.     Plaintiff is the exclusive owner of US Copyright Registration Number VA0002013842 entitled "P&P Imports 2016 Lookbook," which includes its branded products, product packaging, designs and advertising images.

47.     Defendants are using Plaintiff's copyrighted images, specifically, the GoSports Premium Ladder Toss Game, GoSports Portable PVC Framed Cornhole Game Set, GoSports LED Light Up Flying Ultimate Disc and GoSports LED Light UP Sports Cones images.  Defendants are using those image or unlawful derivations thereof, in the sale and advertisement of Defendant Festival Trading's products.

48.     Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

49.     Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, and distributing those works to sell Festival Trading's knock-off products.

50.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

51.     Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
## TRADE DRESS INFRINGEMENT
### (15 U.S.C. § 1125)

52.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 51, inclusive.

53.     P&P's GoSports trade dress is distinctive and is recognizable by consumers as identifying the source of its products.  The consuming public of outdoor games knows the GoSports brand by its bright primarily colors (red, blue and yellow) incorporated into its products and product packaging.

54.     P&P owns the GoSports trade dress including the brand's total image and overall appearance.  The GoSports trade dress includes the size, shape, color or color combinations, texture, graphics and all include the registered GOSPORTS trademark.

55.     P&P's GoSports trade dress is nonfunctional as it includes its color combinations and distinctive trademark name.

56.     The Defendants use the same trade dress as Plaintiff in the production and sale of its Plastic Ladder Toss Game Set and its Portable Cornhole Game Set in that it used the same primary color schemes on the identical products and places its Sports Festival logo in the exact same position as Plaintiff's GoSports trademark. Defendants have done so intentionally and without the consent of the Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the Plaintiff's goods.

57.     Plaintiff has been damages by Defendants' unlawful adoption of Plaintiff's trade dress in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION AND FALSE ADVERTISING
### (15 U.S.C. § 1125)

58.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 57, inclusive.

59.     Defendants have used false advertising or misleading descriptions of fact or representations of fact in commercial advertising or promotion, and in connection with goods in commercial advertising or promotion.  The false descriptions or representations have misrepresented the source of its Ladder Toss game in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Defendant sold its "Plastic Ladder Ball Toss Game Set with Carry Bag" as a Sports Festival product.  In fact, it was Plaintiff's GoSports® "Ladder Toss" product. Defendant purchased and relabeled Plaintiff's product and then made a literal false statement of fact by advertising and selling it as its own product.

61.     Defendant used the false statement of fact relating to the origin of its "Plastic Ladder Ball Toss Game Set with Carry Bag" in commercial advertisements on at least www.amazon.com.

62.     Defendant's false statement of fact relating to the origin of its "Plastic Ladder Ball Toss Game Set with Carry Bag" deceives or is likely deceive in a material way as the product that Defendant sold was literally Plaintiff's product with patches sewn over Plaintiff's registered trademark.

63.     Defendant's "Plastic Ladder Ball Toss Game Set with Carry Bag" was offered for sale and was sold in interstate commerce.

64.     Defendant's acts and conduct, as alleged herein, are business practices likely to deceive or confuse the purchasing public as to the source, origin, sponsorship.  These acts constitute acts of unfair competition, and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a).  Plaintiff is informed and believes, and upon that basis alleges, the each of the Defendant's respective acts of reputation appropriation and unfair competition was willful.

65.     Defendants' acts constitute unfair competition and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

1   66.    As a proximate result of Defendant's acts, Plaintiff has suffered, and will

2   continue to suffer substantial damage to its reputation and goodwill, as well as

3   diversion of trade and loss of revenues and other damages in an amount yet to be

4   determined.

5   67.    Defendant's acts have caused, and unless enjoined will continue to cause,

6   irreparable harm to Plaintiff.  Ascertainment of damages caused by Defendants'

7   conduct would be difficult, leaving Plaintiff was an inadequate remedy at law.

8   68.    By reason of the foregoing, Plaintiff has incurred and will continue to incur

9   attorneys' fees and other costs in connection with the prosecution of its claims herein,

10  which attorneys' fees and costs Plaintiff is entitled to recover from Defendants, and

11  each of them, pursuant to 15 U.S.C. § 1117.

12  <center>**FIFTH CLAIM FOR RELIEF**</center>

13  <center>**FALSE AND MISLEADING ADVERTISING**</center>

14  <center>**(Cal. Bus. & Prof. Code § 17500)**</center>

15  69.    Plaintiff incorporates by reference all of the allegations of paragraphs 1

16  through 68, inclusive.

17  70.    Defendant Festival Trading has advertised the Ladder Toss game on

18  Amazon.com for sale to the consuming public.

19  71.    Defendants statement that the Ladder Toss game is produced and marketed

20  under the Sports Festival brand is false and misleading as the actual product being

21  sold is Plaintiff's Ladder Toss game with Defendant Festival Trading's adulteration

22  of the product and packaging branding.

23  72.    Defendant Festival Trading knew that the advertising of the Ladder Toss game

24  was false and misleading, as Defendant Festival Trading was responsible for sewing

25  patches over Plaintiff's GoSports branding and for placing stickers over Plaintiff's

26  GoSports product packaging. Defendant's acts constitute false and misleading

27  advertising in violation of section California Business & Professions Code § 17500.

28

73.    As a proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues and other damages in an amount yet to be determined.

74.    Defendant's acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.  Ascertainment of damages caused by Defendants' conduct would be difficult, leaving Plaintiff was an inadequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200 et seq.)

75.    Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 74, inclusive.

76.    Defendant's actions described herein, specifically verbatim copying of P&P's advertising text and photos to sell its own knock-off products, constitutes unlawful, unfair and/or fraudulent business acts or practices.  Defendant's actions thus constitute "unfair competition" pursuant to California Business and Professions Code Section 17200.

77.    As a proximate result of Defendants' actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its common law copyright rights. Plaintiff therefore has standing to assert this claim pursuant to California Business and Professions Code Section 17204.

78.    Defendants' actions have caused and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to California Business and Professions Code Section 17203.  In addition, Plaintiff requests that the Court order that Defendants disgorge all profits wrongfully obtained as a result of Defendants'

unfair competition, and order that Defendants pay restitution to Plaintiff in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendant Festival Trading and Does 1-10, inclusive, and each of them as follows:

1. A judgment that Defendants have infringed the '694 Patent;

2. A judgment and order permanently restraining and enjoining the Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringing the '694 Patent;

3. A judgment and order requiring Defendants to pay damages to P&P adequate to compensate it for the Defendants' wrongful infringing acts, in accordance with 35 U.S.C. § 284;

4. A judgment and order requiring the Defendants to pay increased damages up to three times, in view of their willful and deliberate infringement of the '694 Patent;

5. A finding in favor of P&P that this is an exception case, under 35 U.S.C. § 285, and an award of costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

6. A judgment and order requiring Defendants to pay to P&P pre-judgment under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded;

7. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501(a);

8.  For an award of Defendants' profits and Plaintiff's damages in amount to be proven at trial for false advertising under 15 U.S.C. § 1125.

9.  For an award of Defendants' profits and Plaintiff's damages and the costs of this action pursuant to 15 U.S.C. § 1117;

10. For restitution in an amount to be proven at trial for unfair and illegal business practices under Business & Professions Code §§ 17200 and 17500;

11. For an order from the Court requiring that Defendants provide complete accounts and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should be been paid if Defendants' complied with their legal obligations, or as equity requires;

12. For an award of exemplary or punitive damages in an amount to be determined by the Court;

13. For Plaintiff's reasonable attorney's fees;

14. For all costs of suit; and

15. For such other and further relief as the Court may deem just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff P&P Imports, LLC, respectfully demands a trial by jury in this action.

DATED: February 26, 2018                     THORNCREST LAW


                                             /s/ *Kathleen M. Walker*
                                             _____
                                             Kathleen M. Walker
                                             Attorneys for Plaintiff

THIRD AMENDED COMPLAINT